519 F.2d 1400
 76 Lab.Cas. P 10,773
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pilot Freight Carriers, Inc., Appellee
v.
Local 391, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America et
al., Appellants.
 No. 74-1454.
 United States Court of Appeals, Fourth Circuit.
 April 2, 1975.
 
 Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is the wind-up of a suit for a preliminary injunction by Pilot Freight Carriers, Inc. restraining the maintenance of a work stoppage and picket line at its plant in Kernersville, North Carolina by Local 391 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, the representative of Pilot's employees, and also enjoining the collaboration of the International Brotherhood itself, its officers and some of its individual members employed by Pilot. Charging violations by the defendants of no-strike employer-union contracts, jurisdiction was pleaded on the Labor-Management Relations Act Sec. 301, 29 USC 185. For prior history of the cause see order in this suit of the Federal District Court for the Middle District of North Carolina (April 4, 1974); order therein by Judge Craven of April 8, 1974; order of this court on May 3, 1974; and order of the District Court on May 30, 1974.
 
 
 2
 An injunction as prayed was granted on April 4, 1974. The only issue in this litigation now presented relates to the part of the injunction forbidding the payment of out-of-work benefits to those individual members of Local 391 who refused to cross the picket line. Since the decree, including the benefits provision, was suspended pending appeal, the ban upon such payments to the employees was not reinstated until May 3, 1974, the date the appeal was decided upholding the injunction. By a special order from the Court of Appeals, payment was made for the week ending May 28, 1974--this, of course, was for the week immediately following May 21. At a hearing on May 28, the District Court announced that that day would be the "terminal date of the injunction in regard to out-of-work benefits in the event the injunction was dissolved."
 
 
 3
 Dissolution of the injunction followed on May 30, 1974. Whereupon the District Court declared:
 
 
 4
 "Thus the remaining dates during which out-of-work benefits could not accrue and be paid would be from May 3, 1974, to May 21, 1974, inclusive. Defendants may now make payments for all out-of-work benefits which may have accrued prior to May 3, or which may accrue and become due on and after May 28, 1974."
 
 
 5
 Local 391 appeals from the denial of the benefits payable between May 3 and May 21, 1974. No reason warranting this denial appears in the memorandum order of the District Court and we are unable to justify it. Especially so, when it is recalled that in every step of the proceedings for arbitration between Pilot and the union, which were compelled by the employer-union agreements, the union prevailed. Consequently, it is necessary to vacate the conclusion of the District Court and remand the action with directions to the District Court to eliminate from its order the denial to members of Local 391 those out-of-work benefits as just noted.
 
 
 6
 Vacated and remanded with directions.